Dave NEWMAN et al., Plaintiffs,

LOCAL 1101, COMMUNICATIONS WORKERS OF AMERICA, A.F. L.–C.I.O., et al., Defendants.

No. 77 Civ. 598.

United States District Court, S. D. New York.

Nov. 28, 1979.

Gladstein, Reif & Siegel, Brooklyn, N. Y., for plaintiffs; Amy Gladstein, Loren Siegel, Brooklyn, N. Y., of counsel.

O'Donnell & Schwartz, New York City, for defendants; Michael Klein, New York City, of counsel.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

■ The relevant facts giving rise to this application for attorneys' fees are set forth in two Court of Appeals decisions, and we need not repeat them. *Newman v. Local 1101, Communications Workers* (2d Cir.

1978) 570 F.2d 439; *Newman v. Local 1101, Communications Workers* (2d Cir. 1979) 597 F.2d 833.

In opposition to this motion defendants argue that the benefits derived by the plaintiff were purely personal and did not redound to the benefit of the union generally. They therefore urge that plaintiff should not be awarded attorneys' fees under the common benefit doctrine applied in LMRDA cases. *Hall v. Cole* (1973) 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. We reject this contention for much the same reasons that Judge Weinfeld rejected a similar argument in *Peacock v. Wurf* (S.D.N.Y.1979) 475 F.Supp. 65. This lawsuit has resulted in the repudiation, once and for all, of the union's theory that it is entitled to restrict the office of steward to union members who would undertake to refrain from any sort of criticism of union policy, no matter how immaterial such criticism might be to the member's ability faithfully to discharge the function of his or her office.

Turning to the merits of the application for attorneys' fees, the defendants, placing heavy reliance on the opinion of the Court of Appeals for the District of Columbia in *Copeland v. Marshall*, (D.C.Cir. 1978) 594 F.2d 244, urge that the attorneys have not established a sufficient factual basis to support any award. Without analyzing *Copeland* in detail, it seems to us that if we were fully to adopt its reasoning, this application for attorneys' fees would require litigation at least as extensive (if not more extensive) than had been involved in the original lawsuit. Unless under the compulsion of a binding precedent, we would not follow that course.[1]

■ The plaintiff's attorneys have filed detailed affidavits setting forth exactly what they did and how many hours they spent in prosecuting the instant litigation.

They have, under oath, set forth their estimates of the dollar values that should be assigned to the time spent, and have referred us to several decisions in which other judges have passed upon similar claims asserted by them and by similarly situated attorneys. Based upon this material, upon our knowledge of the issues and proceedings in this case, and upon our general understanding of the current practices of the Bar, it is our conclusion that the attorneys have stated the hours spent by them with substantial accuracy, that the time so spent was necessary to the litigation, and that the values they assigned to such time is reasonable.[2] We shall accordingly award fees in the sum requested, to wit, $26,-425.00.

SO ORDERED.

---

**1.** Copeland is obviously not binding on this circuit. Therefore we need not speculate as to the effect on the opinion's value as a precedent of the issuing court's peculiar action in granting a motion for rehearing and vacating the opinion on the very day it was originally filed.

**2.** We note that the attorneys will receive no remuneration for any of the time involved in the first trial before us or in the appeal resulting in reversal, although it is obvious that the results ultimately achieved could not have come about without the expenditure of such time.